IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14cv1141-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the plaintiff's application for attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d), filed on June 27, 2016. (Doc. # 24). The defendant does not object to an award of fees in the amount of $2,552.30 representing 13.50 hours of attorney time. *See* Doc. # 26.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 560 U.S. 130 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. That the motion for attorney's fees (doc. # 24) be and is hereby GRANTED and the plaintiff be and is hereby AWARDED fees in the amount of $2,552.30.

2. To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.  *See* 28 U.S.C. § (d)(2)(B).  *See also Reeves, supra*.  The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 8th day of July, 2016.


           /s/Charles S. Coody
           CHARLES S. COODY
           UNITED STATES MAGISTRATE JUDGE