IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14cv1141-CSC |
| ) | (WO) |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 9, 2018, the plaintiff filed a petition for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $21,461.25 in attorney's fees for work in this court which does not exceed 25 percent of the past due benefits awarded. (Doc. # 28). On January 18, 2017, the plaintiff was awarded past due benefits, and the Social Security Administration withheld $27,461.25 from his past due benefits for payment of attorney's fees. (*Id.*). Plaintiff's counsel received $6,000.00 in attorney's fees for work performed at the administrative level. *Id. See also* 42 U.S.C. § 406(a). Although the plaintiff's counsel was previously awarded $2,552.30 in fees under the Equal Access to Justice Act ("EAJA"), counsel acknowledges that the EAJA fee award is subject to refund to the plaintiff.[2] (*Id.*, Ex. A at 6). The United States does not object to an award of fees, the court must be satisfied that an award is reasonable.

The plaintiff entered into contingency fee agreements with counsel in which the plaintiff

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.

[2] The court will order him to do so.

agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to him. (Doc. # 28, Ex. C). On November 7, 2014, the plaintiff sought review of the Commissioner's adverse decision in this court. (Doc. # 1, Compl.). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On April 29, 2016, the court remanded this case to the Commissioner for further proceedings. (Docs. # 23 & 24).

The court must independently determine whether an award of attorney's fees in the amount of $21,461.25 for 13.50 hours of work performed in this court, is reasonable in this case. In *Grisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show

that the fee sought is reasonable for the services rendered." *Id.*, at 807. The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel has represented the plaintiff since 2005. Counsel is experienced in representing Social Security claimants, and he regularly represents Social Security claimants in this court. He secured a fully favorable decision for the plaintiff after a significant period of time. The United States does not object to the award, and the court's judgment about reasonableness is informed by *Gisbrecht's* conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Consequently, the court concludes that payment in the amount of $21,461.25 is reasonable under the circumstances of this case.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petition for attorney's fees (doc. # 28) be and is hereby GRANTED, and the Commissioner shall pay to the plaintiff's attorney $21,461.25 of the amount previously withheld from the plaintiff's past due benefits. It is further

ORDERED that plaintiff's counsel shall pay to the plaintiff $2,552.30 which represents previously awarded fees under the Equal Access to Justice Act ("EAJA").

Done this 29th day of October, 2018.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE